**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MICHAEL A. KELLY,

    *Plaintiff,*

    v.

DEBRA HAYES,

    *Defendant.*

_____/

CASE NO. 17-cv-10962

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because Plaintiff fails to state a claim upon which relief can be granted.

**II. REPORT**

    **A. Introduction**

Plaintiff Michael A. Kelly ("Plaintiff") filed this *pro se* suit against Defendant Debra Hayes on March 28, 2017. (Doc. 1). The same day, he filed an application to proceed *in forma pauperis* ("IFP"), (Doc. 2), which the undersigned Magistrate Judge granted on April 3, 2017 after referral of the case by District Judge Ludington. (Docs. 5, 6).

1

Plaintiff keeps his averments brief. He suggests that he visited "the 1st floor of [My Brother's Keeper ("MBK")], where Defendant had her office, and asked "which 3rd Party pays M.B.K. to House and feed Vet's [sic]?" (Doc. 1 at 2). Defendant declined to answer. (*Id.*). This refusal, suggests Plaintiff, violated his "Federally protected 'Right to Know' info." (*Id.*). He attaches to his complaint a Freedom of Information Act ("FOIA") request, which seeks information relating to "which 3rd Party pays MBK re. the financial compensation you receive to house and feed Homeless Vet's [sic]" and "to what extent, financially speaking, was M.B.K. compensated to house and feed [him]" from "Dec. 19th -31, 2016, . . ." (Doc. 1 at 5).

B.     **Screening Procedure**

In enacting the original IFP statute, Congress recognized that "a lititgant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972);

2

*Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Federal courts hold an independent obligation to examine their own jurisdiction. *U.S. v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." There are two ways this Court can obtain jurisdiction over such a case; first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000.

C. **Analysis and Conclusion**

Congress passed the FOIA to "permit access to official information long shielded unnecessarily from public view and . . . create a judicially enforceable public right to

secure such information from possibly unwilling official hands." *Environmental Protection Agency v. Mink*, 410 U.S. 73, 79 (1973). Its remedial design allowed individuals, under certain circumstances, to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Rose v. Department of Air Force*, 495 F.2d 261, 263 (2d Cir. 1974). "The Act's role in promoting democracy is no less critical than in years past, as democracy always 'works best when the people have all the information that the security of the Nation permits.'" *Detroit Free Press Inc. v. United States Department of Justice*, 829 F.3d 478, 486 (6th Cir. 2016) (Boggs, J., dissenting) (quoting Lyndon B. Johnson, Statement Upon Signing the "Freedom of Information Act" (July 4, 1966), *in* 2 The Public Papers of the Presidents of the United States, Lyndon B. Johnson: 1966, at 699 (1967)). Nicely summarized by the Supreme Court:

> The Act makes available to any person all agency records, which it divides into three categories: some must be currently published in the Federal Register, 5 U.S.C. § 552(a)(1); others must be 'promptly publish[ed]' or made publicly available and indexed, § 552(a)(2); and all others must be promptly furnished on request, § 552(a)(3). It then defines nine specific categories of records to which the Act 'does not apply.' § 552(b).

*Federal Open Market Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 352 (1979).

The category pertinent to this discussion is records which must be promptly furnished on request. *See generally* 5 U.S.C. § 552(a)(3). A proper request under the FOIA must "reasonably describe" the records sought, and be "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, . . ." 5 U.S.C. § 552(a)(3)(A). If appropriately requested, the agency "shall make the records

4

promptly available" to the requester. *Id.* This prompt-disclosure requirement typically compels agencies to disclose the information "within days or a few weeks of a 'determination'" under § 552(a)(6)(A) whether to comply with the request. *Citizens for Responsibility and Ethics in Washington v. Federal Election Com'n*, 711 F.3d 180, 188 (D.C. Cir. Apr. 2. 2013). Where the records concern an "individual"—defined as "a citizen of the United States or an alien lawfully admitted for permanent residence," 5 U.S.C. § 552a(a)(2)—no disclosure may occur absent "a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . . required under section 552 . . . ." *Id.* § 552(a)(b)(2); *see Fields v. I.R.S.*, 2013 WL 3353921, at *3 (E.D. Mich. July 3, 2013) ("A proper FOIA request must 'reasonably' describe the records sought, and comply with any 'published rules stating the time, place, fees (if any), and procedures to be followed.' 5 U.S.C. § 552(a)(3)(A). Under FOIA, an agency is required to make 'promptly available' records that are 'reasonably describe[d]' in a *written request* and are not exempt from disclosure. 5 U.S.C. §§ 552(a)(3)(A), 552(b).") (emphasis added).

The FOIA allows courts "to enjoin an agency from withholding records and to order the production of any agency records improperly withheld" where a plaintiff shows "that an agency has [1] improperly [2] withheld [3] agency records." *Powell v. Internal Revenue Service*, No. 14-12626, 2015 WL 5271943, at *2 (E.D. Mich. Sept. 9, 2015) (citing *Kissinger Comm'n for Freedom of the Press*, 445 U.S. 136, 150 (1980) and 5 U.S.C. § 552(a)(4)(B)). The Act defines "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency,"

5. U.S.C. § 551(1), including "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency; . . ." 5 U.S.C. § 552(e).[1]

Plaintiff's limited allegations appear to seek relief under the FOIA for Defendant's refusal to supply documents immediately upon Plaintiff's oral request. Such facts fail to state a claim for relief. Nowhere does Plaintiff aver that he made a proper written request under § 552, and thus, he cannot complain that any failure to supply him information was wrongful. Nor does his brief encounter with Defendant—assuming his allegations are to be believed and, further, assuming that My Brother's Keeper qualifies as an "agency" under the Act—illustrate a "reasonabl[e] descr[ption]" of the records he seeks made "in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." *Id.* § 552(a)(3)(A). Waltzing into a government building and demanding a broad swath of information straightaway is not equivalent to exercising one's rights under the FOIA. And this Court is unaware of any other statute, regulation, or legal principle conferring a "Right to Know" on Plaintiff which Defendant might plausibly have violated.

---

[1] Despite its ostensible breadth, the term "agency" does not include: the Congress; the courts of the United States; the governments of the territories or possessions of the United States; or the government of the District of Columbia. 5. U.S.C. § 551(1)(A)-(D). And except as to the requirements of 5 U.S.C. § 552, the term "agency" also excludes: agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them; courts martial and military commissions; military authority exercised in the field in time of war or in occupied territory; or functions conferred by sections 1738, 1739, 1743, and 1744 of title 12; subchapter II of chapter 471 of title 49; or sections 1884, 1891-1902, and former section 1641(b)(2), of title 50, appendix. *Id.* § 551(1)(E)-(H).

For the reasons discussed above, Plaintiff fails to state a claim upon which relief can be granted, and cannot pursue his case in this Court. Therefore, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED**.

Date: April 10, 2017

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Michael A. Kelly at P.O. Box 441, Bay City, MI 48707.

Date: April 10, 2017

By s/Kristen Castaneda
Case Manager