UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL A. KELLY,

        Plaintiff,                                    Case No. 17-cv-10962

v.                                                           Honorable Thomas L. Ludington

DEBRA HAYES,
*Director, My Brother's Keeper*,

        Defendant.
_____/

**ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS, REJECTING REPORT AND RECOMMENDATION, AND DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

On March 28, 2017 Plaintiff Michael A. Kelly initiated the above-captioned action against Defendant Debra Hayes, the Director at My Brother's Keeper ("MBK"). While not explained in Plaintiff's complaint, MBK is a non-profit corporation formed to serve as a homeless shelter for adult men in Flint, Michigan. *See* My Brother's Keeper, https://mybrotherskeeperflint.org/about-us. The shelter features 30 beds for emergency shelter and 19 beds for Veterans through contracts with Ann Arbor and Saginaw Health Systems.

Plaintiff alleges that on February 8, 2017 he asked Debra Hayes which third party pays MBK to house and feed veterans. *See* Compl. ECF No. 1. Ms. Hayes allegedly refused to answer his question. *Id*. The day after he spoke with Ms. Hayes, on February 9 2017, Plaintiff prepared a certified writing asking Ms. Hayes to what extent MBK was compensated by a third party specifically to house and feed Plaintiff from December 19-31, 2016. *See* Compl. Ex. A. Plaintiff further alleged that, through her role with MBK, Defendant was acting as an agent of

the federal government. *Id*. Plaintiff now seeks a Court order directing Ms. Hayes to answer his request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B), and seeks $250 in damages. *Id*.

The matter was referred to Magistrate Judge Patricia T. Morris on April 3, 2017. *See* ECF No. 5. Pursuant to the IFP screening procedure set forth in 28 U.S.C. § 1915(e)(2)(B), a complaint must be dismissed *sua* sponte "if the court determined that… the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim upon which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. On April 10, 2017 the magistrate judge issued a report recommending that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted pursuant to § 1915(e)(2)(B). *See* ECF No. 7. The magistrate judge reasoned that Plaintiff had not followed the proper procedures in making his FOIA request. On April 17, 2017 Plaintiff Kelly timely filed a motion for reconsideration, which will be construed as objections to the magistrate judge's report and recommendation. *See* ECF No. 8.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept,

reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Michael Kelly argues that the magistrate judge erred in claiming that he had not made a proper written request under the FOIA. He emphasizes the certified writing attached to his complaint that he allegedly sent to Ms. Hayes on February 9, 2017. *See* Compl. Ex. A. Because Plaintiff is correct that the magistrate judge did not address his certified writing, Plaintiff's objection will be sustained in part and the report and recommendation will be rejected.

## II.

"Pursuant to 5 U.S.C. § 552(a)(4)(B), a district court reviews de novo an agency's denial of a request for disclosure of agency records." *See Lucaj v. Federal Bureau of Investigation*, 825 F.3d 541, 545 (6th Cir. 2017). "Under the FOIA, each agency upon any request for records shall make the records promptly available to any person, 5 U.S.C. § 552(a)(3)(A), unless one of nine specific exemptions applies, 5 U.S.C. § 552(b)(1)-(9)." *ACLU v. FBI*, 734 F.3d 460, 465 (6th Cir. 2013) (internal quotations omitted). Importantly, in order to be subject to the FOIA, a party must qualify as an "agency." See 5 U.S.C. § 552(a)(4)(B). "Agency" is statutorily defined as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency[.]" § 552(f)(1).

Even assuming that Plaintiff Kelly intended to sue MBK itself instead of its director Debra Hayes, he has failed to state a claim under the FOIA. In order to qualify as an agency, an entity must have substantial independent governmental authority. *See Dong v. Smithsonian Inst.*, 125 F.3d 877, 881 (D.C. Cir. 1997) (holding that the Smithsonian Institution did not qualify as

an "agency" within the meaning of § 552(f)). The mere fact that a private organization receives federal funds and enjoys some control over their use does not render that organization an agency under FOIA. *Id.* at 882; *see also Lazaridis v. U.S. Dep't of Justice,* 713 F. Supp. 2d 64, 69 (D.D.C. 2010) (holding that neither the National Center for Missing and Exploited Children nor the International Centre for Missing and Exploited Children qualify as agencies under the FOIA, despite strong connections to Department of Justice divisions and the receipt of annual finding from Department of Justice divisions). Plaintiff does not identify any statutory or regulatory source authorizing MBK to exercise independent governmental authority. *Id.* Instead, MBK "appears to be no different from any private [organization] which receives federal funds and enjoys some control over their use." *Dong,* 125 F.3d at 882. Any seeming "public authority" is "entirely ancillary to its [social] mission." *Id.*

Because MBK is not subject to the FOIA, Plaintiff Kelly's complaint fails to state a claim upon which relief can be granted. It therefore must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**III.**

Accordingly, it is **ORDERED** that Plaintiff' Kelly's objections (filed as a motion for reconsideration), ECF No. 8, are **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that the report and recommendation, ECF No. 7, is **REJECTED**.

It is further **ORDERED** that Plaintiff Kelly's complaint, ECF No. 1, is **DISMISSED** for

failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).


                                                                                                                s/Thomas L. Ludington  
                                                                                                               THOMAS L. LUDINGTON  
                                                                                                 United States District Judge

Dated: May 23, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 23, 2017.

                                      s/Kelly Winslow  
                                       KELLY WINSLOW, Case Manager